# UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF TEXAS

Division:   Dallas
1100 Commerce Room 1452
Dallas, TX. 75242-1003

Mar 6, 2008     **E-filing**

Clerk of Court
Northern District of California        **CV  08       1346**
Internal Box 36060
San Francisco, CA  94102

SUBJECT:  Nanya Technology Corp vs. NEC Electronics Corp.   3-07-cv-829-K        **PVT**

Dear Deputy Clerk:

The above action has been transferred to your court.

Enclosed is a certified copy of the transfer order and docket sheet. You may access electronically filed documents at our DCN CM/ECF web address: https://ecf.txnd.uscourts.gov. A guest login and password may be found on our website at: http://ntnet.txnd.circ5.dcn/pdf/irc/guest_login.pdf.

Once logged into our CM/ECF database, you can query the case and download or print the PDFs for your court's file. If you find our headers at the top of each document to be a problem, they can be removed by going through Utilities, Maintain Your Account, and turning off the PDF Header before you download or print the documents.

Any documents not available electronically are enclosed in paper format.

Please acknowledge receipt of the certified copy of the transfer order, docket sheet and original documents, if any, by email to the Intake Section of the appropriate division:

**Assist_Team@txnd.uscourts.gov**

Please reference our case number and brief style in the subject of your email acknowledgment.

Sincerely,
KAREN MITCHELL
Clerk of Court

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

NANYA TECHNOLOGY          §
CORPORATION, ET AL.,      §
                          §    CV 08        1346
    Plaintiffs,           §
                          §
v.                        §    Civil Action No. 3:07-CV-0829-K
                          §
NEC ELECTRONICS CORPORATION, §                        PVT
                          §
    Defendant.            §

## ORDER

Before the court is Defendant NEC Electronics Corporation's Motion to Transfer,

filed July 25, 2007. The court has considered the parties' briefing, evidence, and the

applicable law in determining the issues presented by the motion. Following such review

and consideration, the court has determined that Defendant has shown good cause for

transfer, and that the balancing of the applicable private and public interest factors favors

transfer, for the convenience of the parties and witnesses, and in the interest of justice.

Accordingly, the court **grants** the motion to transfer.

I.      **Factual and Procedural Background**

Defendant NEC Electronics Corporation ("NECEL") is the owner of a group of

patents relating to semiconductor memory devices, which were at one time licensed to

Plaintiffs Nanya Technology Corporation and Nanya Technology Corporation USA

(collectively, "Nanya"). That license expired on December 31, 2003.

1

Certified a true copy of an instrument
on file in my office on 3/6/08
Clerk, U.S. District Court,
Northern District of Texas
by _____ Deputy

Plaintiff Nanya Technology Corporation ("Nanya Corp.") is a Taiwanese company that has its principal place of business in Taiwan.    Plaintiff Nanya Technology Corporation USA ("Nanya USA") is a California company located in Santa Clara, California.  Nanya also maintains research and development facilities located in Houston, Texas, which is not within the Northern District of Texas.  Defendant NECEL is a Japanese company headquartered in Japan. Like Plaintiff Nanya Technology Corporation USA, NECEL's wholly-owned top-level U.S. subsidiary, NEC Electronics America ("NECELAM") is headquartered in Santa Clara, California.  NECELAM maintains a strategic business unit known as the Automotive SBU in Irving, Texas.  NECLAM also has eight other SBU's in the United States, including its Memory Products SBU, all of which are located in Santa Clara, California.  NECELAM is not a party to this action.

Nanya filed suit against NECEL on May 10, 2007, seeking a declaration that the formerly-licensed patents are each not infringed, invalid, and/or unenforceable.  NECEL seeks transfer of this action under 28 U.S.C. § 1404(a), stating that for the convenience of the parties and witnesses, in the interest of justice, this action should be transferred to the United States District Court for the Northern District of California.  Nanya resists transfer, primarily arguing that venue is appropriate in this district due to the presence of the Automotive SBU here.  In reply, NECEL argues that because the patents at issue in this case are unrelated to the business of the Automotive SBU, and that no witnesses located at the Automotive SBU have any knowledge of facts relevant to this case, the mere fact that the Automotive SBU is located in this district does not provide a sufficient

2

connection to this controversy to maintain venue here as opposed to the Northern District of California, the proposed transferee district.

## II.    Motion to Transfer Venue

Venue in a patent infringement action is governed by 28 U.S.C. § 1400(b), which states that a civil action for patent infringement may be brought in the judicial district where the defendant resides, or where the defendant has committed acts of infringement and has a regular and established place of business. A corporate defendant is considered to "reside" in a judicial district if it is subject to personal jurisdiction there. 28 U.S.C. § 1391(c). Defendant does not contest personal jurisdiction, and the court finds that venue is properly laid in this district under 28 U.S.C. § 1400(b). Thus, rather than arguing that the Northern District of Texas is an improper venue for this case, Defendant seeks transfer of this action pursuant to 28 U.S.C. § 1404(a), which provides that "for the convenience of parties and witnesses, in the interest of justice, a district court may transfer any civil action to any other district or division where it might have been brought."

A district court's decision whether to order a transfer is discretionary. *Peteet v. Dow Chem. Co.*, 868 F.2d 1428, 1436 (5th Cir. 1989). The plaintiff's choice of forum is entitled to deference, but a case may still be transferred upon a showing of good cause. *In re Volkswagen of America, Inc.*, 506 F.3d 376, 384 (5th Cir. 2007); *Allen v. Big Dutchman, Inc., USA*, 2008 WL 65078, *1 (E.D. Tex. 2008); *Cummings v. Sunrise Medical HHG, Inc.*, 2007 WL 4116919, * 2 (E.D. Tex. 2007). To show good cause, a moving party must

3

demonstrate that a transfer is for the convenience of the parties and witnesses, in the interest of justice. *Volkswagen*, 506 F.3d at 384; *Allen*, 2008 WL 65078 at *1; *Cummings*, 2007 WL 4116919 at *2.

Defendant requests that this case be transferred to the United States District Court for the Northern District of California. A section 1404(a) analysis requires two steps. First, the court must determine whether the judicial district to which transfer is sought is a district in which the claim could have been filed. *Volkswagen*, 506 F.3d at 380, *citing In re Volkswagen AG*, 371 F.3d 201, 203 (5th Cir. 2004) (*"Volkswagen I"*); *In re Horseshoe Entertainment*, 337 F.3d 429, 433 (5th Cir.), *cert. denied*, 540 U.S. 1049 (2003). Second, the district court must consider a number of private and public interest factors, none of which is of dispositive weight. *Volkswagen*, 506 F.3d at 380; *Action Indus. Inc. v. U.S. Fid. & Guar. Co.*, 358 F.3d 337, 340 (5th Cir. 2004). It is also clear that a plaintiff's choice of forum is one of several factors to be considered under the section 1404(a) venue transfer analysis. *Volkswagen*, 506 F.3d at 380; *Horseshoe*, 337 F.3d at 434. However, the plaintiff's choice of forum has reduced weight where most of the operative facts occurred outside the district, or where the plaintiff brings suit outside its home district. *Robertson v. Kiamichi Railroad Co., L.L.C.*, 42 F.Supp.2d 651, 656 (E.D. Tex. 1999); *Lindloff v. Schenectady Intl.*, 950 F. Supp. 183, 185 (E.D. Tex. 1996).

### A.    Whether Plaintiffs' Claims Could Have Been Brought in the Alternate Forum

Here, Defendant contends that the Northern District of California is a proper

venue for Plaintiffs' claims against it because its principal place of business is in the Northern District of California, and thus it resides within that district for purposes of 28 U.S.C. § 1400(b). Nanya does not claim that venue would be improper in the Northern District of California. Therefore, the court finds that the first requirement of the section 1404(a) analysis has been satisfied.

### B.    Private and Public Interest Factors

Because the Northern District of California is a district where the case might otherwise have been filed, the pertinent issue becomes whether a transfer is required "for the convenience of the parties and witnesses, in the interest of justice." 28 U.S.C. § 1404(a); *Horseshoe Entertainment,* 337 F.3d at 433. A determination of convenience involves various private and public interest factors, none of which are given dispositive weight. *Volkswagen,* 506 F.3d at 380; *Action Indus., Inc. v. United States Fidelity & Guaranty Co.,* 358 F.3d 337, 340 (5th Cir. 2004). The court will individually review these factors below.

### 1.    Private Concerns

The private concerns are 1) relative ease of access to sources of proof; 2) the availability of compulsory process to secure the attendance of witnesses; 3) the cost of attendance for willing witnesses; and 4) all other practical problems that make trial of a case easy, expeditious and inexpensive. *Volkswagen,* 506 F.3d at 380, *citing Volkswagen I,* 371 F.3d at 203, *citing Piper Aircraft Co. v. Reyno,* 454 U.S. 235, 241 n.6 (1981).

5

With regard to the first factor, NECEL argues that the ease of access to sources of proof is greater in the proposed transferee district, where both NECEL (through its subsidiary NECELAM) and Nanya USA have substantial business operations. Nanya does not dispute this assertion, but argues that it is irrelevant in the age of digitized document transfers. While the court recognizes that modern technology can ease discovery burdens, this fact still does not render this factor superfluous in the context of a 1404(a) venue transfer analysis. *Volkswagen*, 506 F.3d at 385. Rather, as the Fifth Circuit suggested in the *Volkswagen* decision, such technological advances may make the precise weight of this factor debatable. *Id.* Regardless of the methods by which the needed proof may be exchanged or obtained by the parties, the undisputed fact that the bulk of the parties' United States business operations are in the Northern District of California does weigh in favor of transfer.

Next, the court must consider whether compulsory process is available to secure the attendance of unwilling witnesses, as well as the cost of obtaining the attendance of willing witnesses at deposition and trial. Neither party has, at this stage in the litigation, identified any unwilling witnesses. NECEL states in a conclusory fashion that many likely witnesses will be found to reside in Northern California, without identifying those witnesses. Nanya does a little better – identifying by name six inventors who reside in Japan, and one who is a California resident. However, the remainder of Nanya's "witnesses" (with the exception of Jim Trent ("Trent"), an ASBU employee) are nameless individuals allegedly located in various cities in Texas and Germany. This portion of the

6

witness list submitted by Nanya is equally conclusory, and does not weigh against transfer.

The only potential witness actually named by Nanya who is located in this district is Trent, who testified in his deposition that no one at the Irving ASBU has expertise in the design of NECEL's memory products. Although Trent testified that the products designed by the ASBU include a memory component, that design is done in Japan. Furthermore, NECEL states that all of the products made by its various SBU's contain memory devices – and eight out of nine of those SBU's are located in the Northern District of California. When Trent's potential testimony is weighed against that of an actual inventor (who is located in California) of one of the devices, this factor weighs in favor of transfer.

For the Japan-based inventors, there is likely to be little difference in the inconvenience of traveling to this district or the proposed transferee district. Additionally, it is undisputed that the U.S. headquarters of both Nanya and NECEL are located in the Northern district of California, thus minimizing the cost of attendance for willing witnesses called by both parties who already work and/or reside in that district. Overall, although the parties have supplied the court with little definitive information as to witness locations, the court finds that these factors, which show that several of the main sources of proof and witnesses are located in the proposed transferee district, weigh at least somewhat in favor of transfer.

The final private interest factor to be evaluated is all other practical problems that make trial of a case easy, expeditious and inexpensive. *Volkswagen*, 506 F.3d at 380. As to this consideration, the parties present no new practical concerns that have not already been considered by the court. Accordingly, the court makes no finding with respect to this factor.

### 2.    Public Interest Concerns

The public interest concerns are 1) the administrative difficulties flowing from court congestion; 2) the local interest in having localized controversies decided locally; 3) the familiarity of the forum with the law that will govern the case; and 4) the avoidance of unnecessary problems of conflict of laws or application of foreign law. *Id.*

In support of transfer, NECEL states that statistically, both the dockets of this district and that of the Northern District of California could be described as busy. Nanya points out that in 2006, the average length of time between filing and disposition of a case was 5 months longer in the Northern District of California. The court agrees with the parties that both dockets are heavy, and that on average, cases take slightly (although not significantly) longer to be completed in the proposed transferee district. Therefore, this factor is largely neutral in the context of a section 1404(a) venue transfer analysis.

The next public interest concern to be considered is the local interest in having localized conflicts decided locally. This case involves the potential infringement of patents owned by a Japanese company whose U.S. headquarters are in Santa Clara, California by a Taiwanese company and its Santa Clara-based U.S. entity. Although

8

Nanya argues that the Northern District of Texas is an "important" market for its products because companies and individuals here use computers employing the technology at issue, this assertion leaves unchanged the primary locations of the parties involved in the dispute. Moreover, the parties' dispute relates to patent validity and/or infringement, not the alleged usage of the product by persons in this district.

In *Volkswagen*, the Fifth Circuit determined that the Northern District (as opposed to the Eastern District) of Texas was the proper venue for an automobile accident that occurred there, because two of the three plaintiffs lived in the Northern District (a third plaintiff resided in Kansas), the witnesses to the accident and emergency responders were located there, and the third-party defendant also was found there. 506 F.3d at 387. There, the plaintiffs made an argument similar to that made here by Nanya - that the citizens of the Eastern District had a localized interest in hearing the controversy because the product at issue was available there. The Fifth Circuit roundly rejected this assertion, stating that it "stretch[ed] logic in a manner that eviscerates the public interest that this factor attempts to capture." *Id.* It further noted that such a rationale could justify the placement of venue in virtually any district or division in the country, without regard to those persons actually affected – either directly or indirectly – by the controversies and events giving rise to a case. *Id.* Most significantly, the court there clearly held that availability of a product within a given jurisdiction is insufficient to neutralize the legitimate local interest in adjudicating local disputes. *Id.* These holdings were key to the

9

circuit court's decision to reverse the district court's order denying a transfer of venue, finding that the district court had abused its discretion.

Here, the actual persons and entities who were involved in the patenting of, and possible infringement of the seven patents at issue here all hail from Taiwan, Japan, or California. Those individuals and companies are, as the Fifth Circuit recognizes, the persons actually affected by the controversies and events pertinent to this case. The major U.S. operations of both Plaintiffs here are conducted primarily from Santa Clara, California. Finally, under applicable law, the availability of products incorporating the disputed technology here is not alone a significant enough connection to maintain venue in this forum. *See Volkswagen,* 506 F.3d at 387. The citizens of the Northern District of California therefore have a much stronger interest in deciding a dispute between two Santa Clarans and their overseas counterparts than do the citizens of this district, and the court finds that this public interest factor weighs heavily in favor of transfer.

Finally, the court must determine whether transfer would avoid any unnecessary problems of conflicts of law or the application of foreign law. The parties here agree that federal patent law applies to this dispute whether it is adjudicated here or in the proposed transferee forum. Either federal district would be equally qualified to consider and rule upon a patent law case. None of the parties have identified issues of foreign law or conflicts of laws that will impede the case, whether it remains in this forum or is transferred. For this reason, the court makes no finding as to this factor.

10

### 3.    Balancing of the Private and Public Concerns

As the court states above, many of the concerns to be considered in a section 1404(a) venue transfer analysis produce, in this case, a somewhat neutral result. However, several factors do support the transfer of this case, and the localized interest in deciding local controversies strongly supports the transfer of this matter to the Northern District of California. Although Nanya's choice of forum is entitled to deference, the court finds here that NECEL has made a sufficient showing of good cause for transfer. *Volkswagen,* 506 F.3d at 384. Accordingly, for the convenience of the parties and witnesses, in the interest of justice, NECEL's motion to transfer is **granted**.

### III.    Conclusion

For the foregoing reasons, Defendant NEC Electronics Corporation's Motion to Transfer is **granted**, and this case is hereby **transferred** to the United States District Court for the Northern District of California.

**SO ORDERED.**

Signed March 4th , 2008.

ED KINKEADE
UNITED STATES DISTRICT JUDGE

11

CLOSED, ECF, JURY, RAMIREZ, TDIS

# U.S. District Court
## Northern District of Texas (Dallas)
## CIVIL DOCKET FOR CASE #: 3:07-cv-00829
### Internal Use Only



| | |
|---|---|
| Nanya Technology Corporation et al v. NEC Corporation | Date Filed: 05/10/2007 |
| Assigned to: Judge Ed Kinkeade | Date Terminated: 03/04/2008 |
| Cause: 28:2201 Declaratory Judgment (Insurance) | Jury Demand: Both |
| | Nature of Suit: 830 Patent |
| | Jurisdiction: Federal Question |

PVT

**Plaintiff**

**Nanya Technology Corporation**                    represented by **Alfonso Garcia Chan**
Shore Chan Bragalone
325 North St Paul St
44th Floor
Dallas, TX 75201
214/593-9110
Fax: 214/593-9111 FAX
Email: achan@shorechan.com
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Jeffrey R Bragalone**
Shore Chan Bragalone
325 North St Paul St
44th Floor
Dallas, TX 75201
214/593-9110
Email: jbragalone@shorechan.com
*ATTORNEY TO BE NOTICED*

**Justin B Kimble**
Shore Chan Bragalone
325 North St Paul St
44th Floor
Dallas, TX 75201
214/593-9110
Fax: 214/593-9111 FAX
Email: jkimble@shorechan.com
*ATTORNEY TO BE NOTICED*

Certified a true copy of an instrument
on file in my office on 3/6/08
Clerk, U.S. District Court,
Northern District of Texas
By _____ Deputy

**Martin Pascual**
Shore Chan Bragalone
325 North St Paul St
44th Floor
Dallas, TX 75201
214/593-9118
Fax: 214/593-9111
Email: mpascual@shorechan.com
*ATTORNEY TO BE NOTICED*

**Michael W Shore**
Shore Chan Bragalone
325 North St Paul St
44th Floor
Dallas, TX 75201
214/593-9110
Fax: 214/593-9111 FAX
Email: shore@shorechan.com
*ATTORNEY TO BE NOTICED*

**Patrick J Conroy**
Shore Chan Bragalone LLP
325 N St Paul St
Suite 4450
Dallas, TX 75201
214/593-9126
Fax: 214/593-9111
Email: pconroy@shorechan.com
*ATTORNEY TO BE NOTICED*

**Rajkumar Vinnakota**
Shore Chan Bragalone
325 North St Paul St
44th Floor
Dallas, TX 75201
214/593-9129
Fax: 214-593-9111
Email: kvinnakota@shorechan.com
*ATTORNEY TO BE NOTICED*

**Plaintiff**

**Nanya Technology Corporation USA**     represented by

**Alfonso Garcia Chan**
(See above for address)
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Jeffrey R Bragalone**
(See above for address)

*ATTORNEY TO BE NOTICED*

**Justin B Kimble**
(See above for address)
*ATTORNEY TO BE NOTICED*

**Martin Pascual**
(See above for address)
*ATTORNEY TO BE NOTICED*

**Michael W Shore**
(See above for address)
*ATTORNEY TO BE NOTICED*

**Patrick J Conroy**
(See above for address)
*ATTORNEY TO BE NOTICED*

**Rajkumar Vinnakota**
(See above for address)
*ATTORNEY TO BE NOTICED*

V.

**Defendant**

**NEC Corporation**
*TERMINATED: 07/23/2007*

represented by **Craig W Weinlein**
Carrington Coleman Sloman &
Blumenthal
901 Main St
Suite 5500
Dallas, TX 75202
214/855-3000
Fax: 214/855-1333 FAX
Email: cweinlein@ccsb.com
*TERMINATED: 07/23/2007*
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Defendant**

**NEC Electronics Corporation**

represented by **Craig W Weinlein**
(See above for address)
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Mathew W Grynwald**
Carrington Coleman Sloman &
Blumenthal

901 Main Street
Suite 5500
Dallas, TX 75202
214/855-3078
Fax: 214/855-1333 FAX
Email: mgrynwald@ccsb.com
*ATTORNEY TO BE NOTICED*

**Michael Prince**
Carrington Coleman Sloman &
Blumenthal
901 Main St
Suite 5500
Dallas, TX 75202
214/855-3027
Fax: 214/855-1333 FAX
Email: mprince@ccsb.com
*ATTORNEY TO BE NOTICED*

**Peter C Schechter**
Edwards Angell Palmer & Dodge LLP
750 Lexington Ave
New York, NY 10022
212/912-2934
Email: pschechter@eapdlaw.com
*ATTORNEY TO BE NOTICED*

**Counter Claimant**

**NEC Electronics Corporation**          represented by **Craig W Weinlein**
                                          (See above for address)
                                          *ATTORNEY TO BE NOTICED*

V.

**Counter Defendant**

**Nanya Technology Corporation**          represented by **Alfonso Garcia Chan**
                                          (See above for address)
                                          *ATTORNEY TO BE NOTICED*

                                          **Rajkumar Vinnakota**
                                          (See above for address)
                                          *ATTORNEY TO BE NOTICED*

**Counter Defendant**

**Nanya Technology Corporation USA**      represented by **Alfonso Garcia Chan**
                                          (See above for address)
                                          *ATTORNEY TO BE NOTICED*

**Rajkumar Vinnakota**
(See above for address)
*ATTORNEY TO BE NOTICED*

| Date Filed | # | Docket Text |
|---|---|---|
| 05/10/2007 | ●1 | Plaintiff's Original COMPLAINT and Jury Demand against NEC Corporation filed by Nanya Technology Corporation, Nanya Technology Corporation USA. (Filing fee $350; Receipt number 11308) (Attachments: # 1 # 2) (skt) (Entered: 05/11/2007) |
| 05/10/2007 | ● | DEMAND for Trial by Jury by Nanya Technology Corporation, Nanya Technology Corporation USA. (See document #1 for image) (skt) (Entered: 05/11/2007) |
| 05/10/2007 | ● | ***Magistrate Judge Ramirez chosen by random selection to handle matters that may be referred in this case. (skt) (Entered: 05/11/2007) |
| 05/10/2007 | ●2 | Plaintiff's CERTIFICATE OF INTERESTED PERSONS by Nanya Technology Corporation, Nanya Technology Corporation USA. (skt) (Entered: 05/11/2007) |
| 05/10/2007 | ●3 | Summons Issued as to NEC Corporation. (skt) (Entered: 05/11/2007) |
| 05/10/2007 | ●4 | Plaintiff's Amended CERTIFICATE OF INTERESTED PERSONS by Nanya Technology Corporation, Nanya Technology Corporation USA. (skt) (Entered: 05/11/2007) |
| 05/11/2007 | ●5 | Standing Order Designating Case for ECF - see order for specifics. (Signed by Judge Ed Kinkeade on 5/11/2007) (skt) (Entered: 05/11/2007) |
| 05/11/2007 | ●6 | FIRST AMENDED COMPLAINT and Jury Demand against all defendants filed by Nanya Technology Corporation, Nanya Technology Corporation USA. (Chan, Alfonso) Modified on 5/15/2007 (Gardner, Jo). (Entered: 05/11/2007) |
| 05/11/2007 | ●7 | Second Amended CERTIFICATE OF INTERESTED PERSONS by Nanya Technology Corporation, Nanya Technology Corporation USA. (Chan, Alfonso) Modified on 5/15/2007 (Gardner, Jo). (Entered: 05/11/2007) |
| 05/14/2007 | ●8 | Summons Issued as to NEC Electronics Corporation. (jyg) (Entered: 05/15/2007) |
| 06/05/2007 | ●9 | NOTICE by Nanya Technology Corporation, Nanya Technology Corporation USA *of foreign service* (Chan, Alfonso) (Entered: 06/05/2007) |
| 06/18/2007 | ●10 | MOTION to Dismiss for Lack of Jurisdiction *of Subject Matter* by NEC Corporation with Brief in Support. (Attachments: # 1 Appendix Part 1 of Appendix to Motion to Dismiss# 2 Appendix Part II of Appendix to Motion to Dismiss and Brief in Support# 3 Text of Proposed Order Proposed Order Granting Motion to Dismiss) (Weinlein, Craig) (Entered: 06/18/2007) |

| 06/18/2007 | ●11 | CERTIFICATE OF INTERESTED PERSONS/DISCLOSURE STATEMENT by NEC Corporation. (Weinlein, Craig) (Entered: 06/18/2007) |
|---|---|---|
| 07/03/2007 | ●12 | *Joint Stipulation of Dismissal of Defendant NEC Corporation* by NEC Corporation, Nanya Technology Corporation, Nanya Technology Corporation USA . (Chan, Alfonso) Modified on 7/5/2007 (npk) (Entered: 07/03/2007) |
| 07/16/2007 | ● | (Court only) ***Motions terminated as moot per chambers: 10 MOTION to Dismiss for Lack of Jurisdiction *of Subject Matter* filed by NEC Corporation. (jyg) (Entered: 07/16/2007) |
| 07/23/2007 | ●13 | ORDER ON JOINT STIPULATION OF DISMISSAL OF DEFENDANT NEC CORPORATION: In view of the stipulation, the Court hereby confirms and orders that Defendant NEC Corporation be dismissed from the present action. Each side shall bear its own costs. Attorney Craig W Weinlein terminated. NEC Corporation terminated. (Signed by Judge Ed Kinkeade on 7/23/07) (klm) (Entered: 07/24/2007) |
| 07/25/2007 | ●14 | MOTION to Transfer Case out of District/Division by NEC Electronics Corporation with Brief in Support. (Attachments: # 1 Affidavit of Peter Weinberg in Support of Motion to Transfer (Weinlein, Craig) Modified on 7/26/2007 (svc). (Entered: 07/25/2007) |
| 07/31/2007 | ●15 | CERTIFICATE OF INTERESTED PERSONS/DISCLOSURE STATEMENT by NEC Electronics Corporation. (Weinlein, Craig) (Entered: 07/31/2007) |
| 07/31/2007 | ●16 | ANSWER to Amended Complaint *and Affirmative Defenses* by NEC Electronics Corporation, COUNTERCLAIM against all plaintiffs. (Attachments: # 1 Exhibit A & B# 2 Exhibit C & D) (Weinlein, Craig) Modified on 8/1/2007 (lmp). (Entered: 07/31/2007) |
| 08/01/2007 | ●17 | Application and Order for Admission Pro Hac Vice by Peter C Schechter for NEC Electronics Corporation.(see order for specifics) (Signed by Judge Ed Kinkeade on 08/01/07) (lmp) (Entered: 08/02/2007) |
| 08/06/2007 | ●18 | AFFIDAVIT of Service for PLAINTIFFS NOTICE OF DEPOSITION OF THIRD-PARTY *SUBPOENA AD TESTIFICANDUM & SUBPOENA DUCES TECUM* served on Paul Weinberg on August 3, 2007. (Chan, Alfonso) (Entered: 08/06/2007) |
| 08/09/2007 | ●19 | Unopposed MOTION for Extension of Time to File Response/Reply as to 14 MOTION to Transfer Case out of District/Division by Nanya Technology Corporation, Nanya Technology Corporation USA (Attachments: # 1 Text of Proposed Order Proposed Order) (Chan, Alfonso) (Entered: 08/09/2007) |
| 08/13/2007 | ●20 | ORDER granting 19 Motion to Extend Time to File Response to NEC Electronics Corporation's Motion to Transfer. Responses due by 8/28/2007. (Signed by Judge Ed Kinkeade on 8/13/07) (npk) (Entered: 08/13/2007) |

| 08/16/2007 | ●21 | Unopposed MOTION for Leave Extend to Extend Time to Respond to Motion to Transfer by Nanya Technology Corporation, Nanya Technology Corporation USA . (Chan, Alfonso) Modified on 8/20/2007 (npk) (Entered: 08/16/2007) |
|---|---|---|
| 08/16/2007 | ●22 | PROOF of Service for Subpoena served on Jim Trent on 8/14/07. (skt) (Entered: 08/17/2007) |
| 08/20/2007 | ●23 | *Plaintiffs'* ANSWER (Reply) to Counterclaim by Nanya Technology Corporation, Nanya Technology Corporation USA (Chan, Alfonso) Modified on 8/21/2007 (skt). (Entered: 08/20/2007) |
| 08/21/2007 | ●24 | ORDER granting 21 Plaintiffs' Unopposed MOTION for Leave to Extend Time to Respond to Motion to Transfer. Responses due by 8/31/2007. (Signed by Judge Ed Kinkeade on 8/21/07) (klm) (Entered: 08/22/2007) |
| 08/30/2007 | ●25 | NOTICE of Attorney Appearance by Rajkumar Vinnakota on behalf of Nanya Technology Corporation, Nanya Technology Corporation USA. (Vinnakota, Rajkumar) (Entered: 08/30/2007) |
| 08/30/2007 | ●26 | NOTICE of Attorney Appearance by Martin Pascual on behalf of Nanya Technology Corporation, Nanya Technology Corporation USA. (Pascual, Martin) (Entered: 08/30/2007) |
| 08/31/2007 | ●27 | RESPONSE in Opposition filed by Nanya Technology Corporation, Nanya Technology Corporation USA re 14 MOTION to Transfer Case out of District/Division and Brief in Support. (Pascual, Martin) Modified on 9/5/2007 (npk). (Entered: 08/31/2007) |
| 08/31/2007 | ●28 | Appendix in Support filed by Nanya Technology Corporation, Nanya Technology Corporation USA re 27 Response to Motion to Transfer and Brief in Support. (Attachments: # 1 Appendix 0001-0040# 2 Appendix 0041-0080# 3 Appendix 0081-0120# 4 Appendix 0121-0180# 5 Appendix 0181-0239# 6 Declaration of Martin Pascual In Support of Plaintiffs' Response in Opposition to Defendant's Motion to Transfer and Brief in Support) (Pascual, Martin) Modified on 9/5/2007 (npk). (Entered: 08/31/2007) |
| 09/04/2007 | ●29 | NOTICE *of Correction* by Nanya Technology Corporation, Nanya Technology Corporation USA re 27 Response to Motion . (Chan, Alfonso) Modified on 9/5/2007 (npk). (Entered: 09/04/2007) |
| 09/17/2007 | ●30 | REPLY Brief in Support filed by NEC Electronics Corporation re 14 Motion to Transfer. (Attachments: # 1 Exhibit 1 to Reply Brief in Support of Motion to Transfer# 2 Declaration of Peter Schechter in Support of Motion to Transfer) (Weinlein, Craig) Modified on 9/18/2007 (npk) (Entered: 09/17/2007) |
| 09/24/2007 | ●31 | MOTION for Leave to File Sur-Reply *and Brief in Support* by Nanya Technology Corporation, Nanya Technology Corporation USA with Brief/Memorandum in Support. (Attachments: # 1 Exhibit Exhibit A) (Chan, Alfonso) (Entered: 09/24/2007) |

| 09/25/2007 | ●32 | NOTICE of Attorney Appearance by Alfonso Garcia Chan for Justin B. Kimble on behalf of all plaintiffs. (Chan, Alfonso) (Entered: 09/25/2007) |
|---|---|---|
| 09/25/2007 | ● | (Court only) ***Attorney Justin B Kimble for Nanya Technology Corporation and Nanya Technology Corporation USA added. (npk) (Entered: 09/25/2007) |
| 09/26/2007 | ●33 | RESPONSE filed by NEC Electronics Corporation re 31 MOTION for Leave to File Sur-Reply *and Brief in Support* (Weinlein, Craig) (Entered: 09/26/2007) |
| 10/01/2007 | ●34 | Unopposed MOTION to Withdraw as Attorney *Martin Pascual* by Nanya Technology Corporation, Nanya Technology Corporation USA (Chan, Alfonso) (Entered: 10/01/2007) |
| 10/05/2007 | ●35 | ORDER denying 31 Motion for for Leave to File Sur-Reply. (Signed by Judge Ed Kinkeade on 10/05/07) (lmp) (Entered: 10/09/2007) |
| 10/05/2007 | ●36 | ORDER granting 34 Motion to Withdraw as Attorney. Attorney Martin Pascual terminated. (Signed by Judge Ed Kinkeade on 10/05/07) (lmp) (Entered: 10/09/2007) |
| 11/06/2007 | ●37 | NOTICE *of Filing Ex Parte Requests for Reexamination With the United States Patent and Trademark Office* by Nanya Technology Corporation, Nanya Technology Corporation USA (Attachments: # 1 Exhibit A-1# 2 Exhibit A-2# 3 Exhibit A-3# 4 Exhibit B-1# 5 Exhibit B-2# 6 Exhibit B-3# 7 Exhibit B-4# 8 Exhibit C) (Vinnakota, Rajkumar) (Entered: 11/06/2007) |
| 12/06/2007 | ●38 | SUMMONS Returned Executed as to NEC Electronics Corporation ; served on 7/17/2007. (Attachments: # 1 Exhibit Documents served) (Chan, Alfonso) (Entered: 12/06/2007) |
| 12/10/2007 | ●39 | ORDER REQUIRING SCHEDULING CONFERENCE AND REPORT FOR CONTENTS OF SCHEDULING ORDER. The Joint Report shall be filed no later than 10 days from the date of the scheduling conference. (Signed by Judge Ed Kinkeade on 12/10/2007) (axm) (Entered: 12/10/2007) |
| 12/11/2007 | ●40 | NOTICE by Nanya Technology Corporation, Nanya Technology Corporation USA *Notice of Filing Ex Parte Requests for Reexamination with the United States Patent and Trademark Office* (Attachments: # 1 Exhibit A (Part 1)# 2 Exhibit A (Part 2)# 3 Exhibit B (Part 1)# 4 Exhibit B (Part 2)# 5 Exhibit B (Part 3)# 6 Exhibit B (Part 4)) (Vinnakota, Rajkumar) (Entered: 12/11/2007) |
| 01/17/2008 | ●41 | Plaintiff's Notification of Grants of Ex Parte Reexamination Requests for US Patent No 5,648,931, US Patent No 6,133,122 and US Patent No 6,610,597 by the United States Patent and Trademark Office by Nanya Technology Corporation, Nanya Technology Corporation USA (Attachments: # 1 Exhibits A-C) (Chan, Alfonso) Modified on 1/18/2008 (skt). (Entered: 01/17/2008) |

| 01/24/2008 | 42 | STATUS REPORT *Joint Status Report regarding Contents of Scheduling Order* by NEC Electronics Corporation, Nanya Technology Corporation, Nanya Technology Corporation USA. (Chan, Alfonso) (Entered: 01/24/2008) |
| 01/25/2008 | 43 | NOTICE by Nanya Technology Corporation, Nanya Technology Corporation USA *Notice of Serving Initial Disclosures* (Vinnakota, Rajkumar) (Entered: 01/25/2008) |
| 02/01/2008 | 44 | NOTICE of Attorney Appearance by Patrick J Conroy on behalf of Nanya Technology Corporation, Nanya Technology Corporation USA. (Conroy, Patrick) (Entered: 02/01/2008) |
| 02/13/2008 | 45 | NOTICE of Grant Ex parte Reexamination Request for U.S. Patent No. 5,517,456 by the United States Patent and Trademark Office filed by Nanya Technology Corporation, Nanya Technology Corporation USA. (Attachments: # 1 Exhibit A) (Vinnakota, Rajkumar) Modified on 2/13/2008 (lmp). (Entered: 02/13/2008) |
| 02/22/2008 | 46 | ***DISREGARD - FILED IN ERROR PER ATTORNEY'S OFFICE*** *Plaintiffs'* ANSWER to Counterclaim filed by Nanya Technology Corporation, Nanya Technology Corporation USA. Related document: 16 Counterclaim (Vinnakota, Rajkumar) Modified on 2/25/2008 (jyg). Modified on 2/25/2008 (klm). (Entered: 02/22/2008) |
| 02/28/2008 | 47 | Unopposed MOTION for Leave to File Plaintiffs' Amended Answer and Affirmative Defenses to Defendant's Counterclaims by Nanya Technology Corporation, Nanya Technology Corporation USA (Attachments: # 1 Exhibit A) (Vinnakota, Rajkumar) (Entered: 02/28/2008) |
| 03/04/2008 | 48 | ORDER Granting 14 MOTION to Transfer Case out of District and this case is hereby transferred to the United States District Court for the Northern District of California. See order for specifics. (Signed by Judge Ed Kinkeade on 3/4/08) (svc) (Entered: 03/06/2008) |
| 03/04/2008 | | Interdistrict Transfer to Northern District of California (jrb) (Entered: 03/06/2008) |
| 03/06/2008 | 49 | Transmitted certified copy of transfer order and docket report to the Northern District of California. (jrb) (Entered: 03/06/2008) |