FLIESLER MEYER LLP
Martin C. Fliesler (SBN 073768)
Rex Hwang (SBN 221079)
Justas Geringson (SBN 240182)
650 California Street, 14th Floor
San Francisco, CA 94111
Telephone:  (415) 362-3800
Facsimile:  (415) 362-2928
**Attorneys for Plaintiffs Nanya Technology Corp.
and Nanya Technology Corp. U.S.A.**

Joshua Koltun (Bar No. 173040)
Attorney
101 California Street
Suite 2450, No. 500
San Francisco, California 94111
Telephone: 415.680.3410
Facsimile: 866.462.5959
joshua@koltunattorney.com
**Attorneys for Defendant NEC Electronics Corporation**

**UNITED STATES DISTRICT COURT**

**NORTHERN DISTRICT OF CALIFORNIA**

**SAN JOSE DIVISION**

| | |
|---|---|
| **NANYA TECHNOLOGY CORPORATION and NANYA TECHNOLOGY CORPORATION USA**<br><br>*Plaintiffs*,<br><br>v.<br><br>**NEC ELECTRONICS CORPORATION,**<br><br>*Defendant*. | **CASE NO.  C 08-01346 PVT**<br><br>**JOINT STIPULATION AND [PROPOSED] ORDER TO STAY CASE PENDING REEXAMINATION** |

WHEREAS, Plaintiffs Nanya Technology Corporation and Nanya Technology Corporation USA ("Plaintiffs") have sought a declaratory judgment against Defendant NEC Electronics Corporation ("Defendant") of non-infringement and invalidity of U.S. Patent 4,855,956 ("956 Patent"); U.S. Patent 5,517,456 ("456 Patent"); U.S. Patent 5,648,931 ("931 Patent"); U.S. Patent 6,133,122 ("122 Patent"); U.S. Patent 5,495,435 ("435 Patent"); U.S. Patent 6,610,597 ("597 Patent") and U.S. Reissue Patent 36203 ("203 Reissue Patent").

1  WHEREAS, Defendant has accused Plaintiffs of infringement of the '956, '456, '597
2  Patents, and the '203 Reissue Patent.
3  WHEREAS, on February 6, 2008, a request for *ex parte* Reexamination of the '956 Patent
4  was filed with the United States Patent and Trademark Office;
5  WHEREAS, on January 24, 2008, a request for *ex parte* Reexamination of the '435 Patent
6  was filed with the United States Patent and Trademark Office;
7  WHEREAS, on November 29, 2007, a request for *ex parte* Reexamination of the '456
8  Patent was filed with the United States Patent and Trademark Office;
9  WHEREAS, on November 5, 2007, a request for *ex parte* Reexamination of the '931 Patent
10 was filed with the United States Patent and Trademark Office;
11 WHEREAS, on November 5, 2007, a request for *ex parte* Reexamination of the '122 Patent
12 was filed with the United States Patent and Trademark Office;
13 WHEREAS, on November 5, 2007, a request for *ex parte* Reexamination of the '597 Patent
14 was filed with the United States Patent and Trademark Office;
15 WHEREAS, on December 6, 2007, a request for *ex parte* Reexamination of the '203
16 Reissue Patent was filed with the United States Patent and Trademark Office;
17 WHEREAS, on December 19, 2007, the United States Patent and Trademark Office
18 ordered the *ex parte* Reexamination of the '122 Patent;
19 WHEREAS, on December 19, 2007, the United States Patent and Trademark Office
20 ordered the *ex parte* Reexamination of the '597 Patent;
21 WHEREAS, on March 4, 2008, the United States Patent and Trademark Office ordered the
22 "*ex parte* Reexamination of the '203 Reissue Patent;
23 WHEREAS, on January 14, 2008, the United States Patent and Trademark Office ordered
24 the *ex parte* Reexamination of the '931 Patent;
25 WHEREAS, on February 8, 2008, the United States Patent and Trademark Office ordered
26 the *ex parte* Reexamination of the '456 Patent;
27 WHEREAS, on March 11, 2008, the United States Patent and Trademark Office ordered
28

the *ex parte* Reexamination of the '435 Patent;

WHEREAS Plaintiffs and Defendant agree that a stay of the proceeding of this case pending the Reexaminations of the '456 Patent, '597 Patent, and '203 Reissue Patent ("the Reexaminations") would conserve judicial and party resources, and narrow and simplify issues for discovery and trial;

WHEREAS, the Parties have stipulated to dismiss without prejudice of all claims, counterclaims, and defenses with respect to the '931 Patent, '122 Patent, and '435 Patent.

WHEREAS, Plaintiffs and Defendant agree that the Court should retain jurisdiction over the Parties and remaining issues of this case, and that the case should not be dismissed or closed, during the pendency of the Reexaminations;

WHEREAS, Plaintiffs and Defendant agree that the agreement by the Parties to stay this case will not prejudice any claim or defense of either party.

WHEREAS, Plaintiff and Defendant agree that, upon final conclusion of the Reexaminations, the Parties should meet and confer to discuss an updated schedule for the remainder of the case, and that the discovery and disclosures heretofore made and conducted should be preserved and applied to the remainder of the case;

NOW, THEREFORE, IT IS HEREBY STIPULATED AS FOLLOWS:

i) The proceedings of this case should be stayed until the conclusion of all of the Reexaminations set forth above;

ii) The Court should retain jurisdiction over the Parties and remaining issues of this case, and that the case should not be dismissed or closed, during the pendency of the Reexaminations set forth above, except as set forth in the stipulated request for dismissal of certain claims, counterclaims and defenses without prejudice, which will be submitted concurrently with this stipulation;

iii) The agreement by the Parties to stay this case will not prejudice any claim or defense of either party; and

iv) Within 30 days of the final conclusion of the Reexaminations, Plaintiffs and Defendant should meet and confer to discuss an updated schedule for the remainder of the case.

Respectfully Submitted,

Dated: March 26, 2008                                    Dated: March 26, 2008

By: /s/ Rex Hwang                                         By:    /s/ Peter C. Schechter
FLIESLER MEYER LLP                                        EDWARDS ANGELL PALMER & DODGE LLP
Martin C. Fliesler (SBN 073768)                           Peter C. Schechter (*Pro Hac Vice*)
Rex Hwang (SBN 221079)                                    750 Lexington Avenue
Justas Geringson (SBN 240182)                             New York, NY 10022
650 California Street, 14th Floor                         Telephone: 212.912.2934
San Francisco, CA 94111                                   Facsimile: 866.492.3146
Telephone:    (415) 362-3800                              pschechter@eapdlaw.com
Facsimile:    (415) 362-2928

Of Counsel:                                               Joshua Kolton (SBN 173040)
                                                          Attorney
                                                          101 California Street
SHORE CHAN BRAGALONE LLP                                  Suite 2450, No. 500
Michael W. Shore                                          San Francisco, CA 94111
Alfonso Garcia Chan                                       Telephone:  (415) 680-3410
Patrick Conroy                                            Facsimile:  (866) 462-5959
Rajkumar Vinnakota                                        Joshua@koltonattorney.com
325 N. St. Paul Street, Suite 4450
Dallas, TX 75201
Telephone:  (214) 593-9110
Facsimile:  (214) 593-9111

On Behalf of                                              On Behalf of
**Plaintiffs Nanya Technology Corp.**                     **Defendant NEC Electronics Corporation**
**and Nanya Technology Corp. U.S.A.**

JOINT STIPULATION AND  [PROPOSED] ORDER TO STAY CASE
PENDING REEXAMINATION
CASE NO. 08-01346 PVT                        4

## DECLARATION

Pursuant to General Order No. 45, Section X(B) regarding signatures, I attest under penalty of perjury that concurrence in the filing of this document has been obtained from Peter C. Schechter.

Dated March 26, 2008           FLIESLER MEYER, LLP

                               BY:   /s/ Rex Hwang

                               Attorneys for Plaintiff
                               Nanya Technology Corp.
                               and Nanya Technology Corp. U.S.A.


**SO ORDERED this ____ day of March, 2008**

                               _____
                               PATRICIA V. TRUMBULL
                               UNITED STATES MAGISTRATE JUDGE

JOINT STIPULATION AND [PROPOSED] ORDER TO STAY CASE
PENDING REEXAMINATION
CASE NO. 08-01346 PVT              5